OPINION OF THE COURT
Memorandum.
Order of the County Court of the County of Onondaga reversed and the judgment of conviction reinstated.
Subdivision 1 of section 96 of the Alcoholic Beverage Control Law is not unconstitutional for vagueness. The purpose of the Alcoholic Beverage Control Law, as expressed in section 2 and as implemented throughout its provisions, but especially in section 100, indicates that the regulatory law governs only the sale and distribution of alcoholic beverages. Consequently, section 96, which prohibits, without license or permit "as *745 provided for in this chapter”, the storing or keeping of alcoholic beverages, refers exclusively to alcoholic beverages stored or kept for sale or distribution. Any contrary meaning is untenable in the context of the Alcoholic Beverage Control Law, the various provisions of which deal not with noncommercial possession, use, or consumption, but with the sale and distribution of the regulated beverages at wholesale or retail.
Nor do the facts in this case suggest that defendant’s conduct did not come within the obvious scope of section 96. The affidavit on which the search warrant was obtained detailed ample facts of storing of alcoholic beverages for sale, and actual sales, by defendant. The criminal information charged defendant with storing wine, beer, and liquor in unlicensed premises for purposes of sale. Defendant pleaded guilty to the offense, and admitted the relevant operative facts, including a reference to abstaining in the future from the operation of a "juice joint”.
The assigned ground for the attack on the validity of the statute is without basis and depends upon, not a literal rendering, but a distortive wrenching of language from its context in order to make its "application” absurd and mischievous.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed and judgment of City Court, City of Syracuse, reinstated in memorandum.